UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUDITH RÉ,

    Plaintiff,

v.

JODI R.R. SMITH, and
BARNES & NOBLE INC.

    Defendants.

CIV. No. 04 11385 RGS

## COMPLAINT

### STATEMENT OF THE CASE

1.    Plaintiff, Judith Ré, is an internationally known author, commentator and instructor on social etiquette. In connection with the sale, marketing and delivery of her books, seminars and advice, Ms. Ré obtained, in 1991, a federally registered service mark, SOCIAL SAVVY®. For many years before 1991 and since, Ms. Ré built an extensive following of clientele who recognize her work under the name SOCIAL SAVVY®. In 1991, Ms. Ré authored a book titled SOCIAL SAVVY: A Teenagers Guide to Feeling Confident In Any Situation. Ms. Ré has taught thousands of seminars and classes across the United States using the mark SOCIAL SAVVY® as the title and/or distinguishing marketing feature of her services. Ms. Ré and her SOCIAL SAVVY® works have been featured in newspapers, magazines and on radio and television. Writers for the New York Times and other newspapers regularly seek Ms. Ré's SOCIAL SAVVY® advice and comments for articles that discuss social etiquette.

2.    In May 2004, Ms. Ré learned that defendant Jodi R.R. Smith, authored and caused to be published two social etiquette books using the identical words, SOCIAL SAVVY, that constitute Ms. Ré's mark. The books are titled The Girl's Guide to Social Savvy and The Guy's

Guide to Social Savvy. Defendant Barnes & Noble Inc. ("B&N") is the publisher of the books, and is currently marketing and selling the books at its retail outlets. Moreover, defendant Smith is using the distinctive phrase SOCIAL SAVVY in connection with her social etiquette services by using it in the title of her seminars and referencing the phrase and her books on her website. Defendants use of the phrase SOCIAL SAVVY is an inappropriate attempt to trade on the goodwill and reputation that Ms. Ré has cultivated during the past 18 years. Defendants use of SOCIAL SAVVY confuses and misleads consumers, dilutes Ms. Ré's valuable business mark and injures Ms. Ré's business and markets for future endeavors. Ms. Ré seeks to enjoin defendants from continuing their inappropriate use of Ms. Ré's mark and demands damages to compensate her for the harm caused by defendants' misappropriation of the SOCIAL SAVVY® mark and to remedy the unjust enrichment defendants have obtained by misappropriating Ms. Ré's mark

## I. PARTIES AND JURISDICTION

3. Plaintiff Judith Ré is an individual who resides in Fairfield, Connecticut. She is the owner of the mark SOCIAL SAVVY®.

4. Defendant Smith is an individual residing in Marblehead, Massachusetts.

5. Defendant B&N is a corporation existing under the laws of Delaware, having a principal place of business at 122 Fifth Avenue, New York, NY.

6. This is a civil action for claims arising under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), as well as the statutes and common laws of the state of Massachusetts regarding trademark infringement, false designation of origin, trademark dilution, deceptive trade practices and unfair competition.

7.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity); 28 U.S.C. § 1338(a) (any action of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.  This Court has personal jurisdiction over defendants and venue is proper in this district because, *inter alia*, (a) defendants conduct business in this district, (b) defendant Smith resides in the district, and (c) some of defendants' acts giving rise to the claims set forth herein occurred in this district.

## II.  FACTUAL BACKGROUND

### A.  Ms. Ré and The SOCIAL SAVVY® Mark

9.  Ms. Ré has been an instructor on social etiquette and graces since 1986. She started her business in 1986, operating out of her small apartment in Boston, Massachusetts. She subsequently moved to Fairfield, Connecticut, but still maintains an office in Boston. When Ms. Ré started her business in 1986, she began using the words SOCIAL SAVVY® as a distinctive and suggestive phrase to describe the social etiquette advice and services she provided. Since 1986, Ms. Ré has used the phrase SOCIAL SAVVY® to identify her work to an extensive following of clientele that seek her services. Over the last 18 years, Ms. Ré and her SOCIAL SAVVY® book and services have become world renown. Companies, individuals and the media regularly seek her services and advice.

10. In 1991, Ms. Ré registered the SOCIAL SAVVY® mark with the United States Patent and Trademark Office. A copy of Ms. Ré's mark, which is Registration No. 1,669,778, is attached as Exhibit A. The registration remains in full force and effect.

11. Ms. Ré has conducted thousands of seminars in Boston, MA and elsewhere under the SOCIAL SAVVY® name. Her most well known seminars are "A Day of SOCIAL SAVVY®" and "An Etiquette SOCIAL SAVVY® Dinner." These seminars are designed to build social awareness and confidence among young ladies and gentlemen. Since 1986, the Ritz-Carlton hotel in Boston has regularly hosted "A Day of SOCIAL SAVVY®" seminar. Luxury hotels across the United States, including the Four Seasons Hotels & Resorts in Seattle and San Francisco, the Century Plaza Hotel in Los Angeles, the Palace Hotel in New York, and the Ritz Carltons in New York, Cleveland and St. Louis, have also hosted these seminars since 1994.

12. In addition to Ms. Ré's "A Day of SOCIAL SAVVY®" and "A Weekend of SOCIAL SAVVY®" seminars, she also conducts group and private seminars for business people, parents, college students and children under the SOCIAL SAVVY® mark.

13. Ms. Ré is the author of the book, <u>SOCIAL SAVVY: A Teenager's Guide to Feeling Confident In Any Situation</u>. Ms. Ré's book was first published in 1991 and has gone through 11 printings, including a hard cover version under Simon & Schuster's Summit label and soft cover version under Simon & Schuster's Fireside label. The book clearly states on its <u>verso</u> page that "SOCIAL SAVVY® is a registered service mark of Judith Ré." A color copy of the cover of Ms. Ré's book and its verso page are attached as Exhibit B. Ms. Ré also holds all copyright rights to her SOCIAL SAVVY® book.

14. Ms. Ré's book gained such national recognition that it was excerpted for newspapers nationwide by the New York Times Syndication Sales Corporation in 1991. The New York Time Syndicate provided access to excerpts of Ms. Ré's book to thousands of media sources to use in their publications or programming. This exclusive service is limited to only

select books and other print content chosen by the New York Times Syndicate that meet the high standards of the service.

15. Ms. Ré is currently in the process of authoring another SOCIAL SAVVY® book to supplement her 1991 book that is now no longer being printed. She is also planning with newspaper publishers to provide an advice column under the name SOCIAL SAVVY®.

16. Ms. Ré and SOCIAL SAVVY® have been identified countless times in publications and on television. She has been interviewed on CNN, the Today Show, Good Morning America, American Journal, the Joan Rivers Show, the Montel Williams Show, The View, BBC and BBC Radio. The Travel Channel continues to run a television show titled "Best Kept Secrets" that features one of Ms. Ré's SOCIAL SAVVY® seminars. Articles on Ms. Ré and her SOCIAL SAVVY® programs have appeared in the New York Times, Wall Street Journal, Washington Post, Los Angeles Times, London Daily Mail, USA Today, Parade Magazine, Yankee Magazine, Forbes FYI Magazine, the Robb Report, Seventeen, Parenting, Working Mother, Child Magazine, the Christian Science Monitor, the Boston Herald and the Boston Globe.

17. Newspapers and television media across the country regularly ask Ms. Ré for her comments and advice regarding social etiquette issues. Typical of Ms. Ré's media exposure is an article that appeared in the Hartford Courant on November 17, 2002 asking Ms. Ré for comment on holiday etiquette. In that article, the Hartford Courant described Ms. Ré as "owner of the Judith Ré Adademié, [who] has conducted the popular "Social Savvy" classes at Boston's Ritz-Carlton hotel for 15 years. The author of "Social Savvy," an etiquette guide for teens, Ré has taught the finer points of grace and decorum to everyone from schoolchildren to CEOs to

diplomats." *See* Glenn Morago, *Seasonal Strain*, HARTFORD COURANT, Nov. 17, 2002, at H1. A copy of this article is attached hereto as Exhibit C.

18.  The mark SOCIAL SAVVY® is an inherently distinctive mark. The mark has taken on secondary meaning in the marketplace as a description of goods and services offered by Ms. Ré.

19.  As a result of Ms. Ré's hard work and promotion, the mark SOCIAL SAVVY® has achieved substantial consumer and trade recognition and has become the signature of Ms. Ré's book and services. The SOCIAL SAVVY® mark is particularly well-recognized in the community of people who seek social etiquette services and advice. Since long prior to the acts complained of herein, the mark SOCIAL SAVVY® has been associated in the public mind exclusively with Ms. Ré and her advice.

B.  Defendants Unlawful Conduct

20.  This action arises from defendants unauthorized use of the mark SOCIAL SAVVY® in connection with the advertising, promotion and sale of two social etiquette books and, in the case of defendant Smith, the selling of social etiquette seminars, presentations, and services.

21.  In approximately April 2004, two social etiquette books titled <u>The Guy's Guide to Social Savvy</u> and <u>The Girl's Guide to Social Savvy</u> began appearing at bookstores across the United States. A color copy of each book's cover and <u>verso</u> page is attached hereto as Exhibits D and E. These books are targeted at consumers of social etiquette advice. In every respect, the books are aimed at the same clientele of people who would use or have used Ms. Ré's etiquette services.

22.  Defendant Smith is the author of the books with the infringing titles.

23. B&N published the books and distributes the books to book stores throughout the United States.

24. Defendants use of the SOCIAL SAVVY® mark in their books is gratuitous and unnecessary to the content of the books or even the description of the advice that defendants are providing. Rather, the use of the SOCIAL SAVVY® mark is done solely to invoke a connection between the books and Ms. Ré's famous mark and goodwill. For example, while the words SOCIAL SAVVY are featured in the title in a different, eye-catching color and script, and while the words are referenced in the books' introductions, the books do not otherwise feature the words. The words are not used as a chapter title or even referenced in the index.

25. In addition, defendant Smith is also using the SOCIAL SAVVY® mark to promote her own social etiquette business on her website — www.mannersmith.com —and is using the mark in the advertising of her seminars and presentations.

26. Recently, defendant Smith conducted a seminar at the Lenox Hotel in Boston titled "Social Savvy: Manners for the Modern World." A copy of the registration form for defendant Smith's seminar is attached as Exhibit F. Defendant Smith, in conjunction with B&N, has also held — and continues to hold — book signings and promotional events for her books using the SOCIAL SAVVY® mark.

27. Because Ms. Ré has ownership of a federal registration for the mark SOCIAL SAVVY®, defendants had constructive notice, since long prior to the commencement of defendants' unlawful conduct described herein, of Ms. Ré's exclusive ownership of the mark SOCIAL SAVVY®.

28. Defendants also had actual notice from a time prior to the commencement of defendants' unlawful conduct, of Ms. Ré's exclusive rights in the mark SOCIAL SAVVY®.

29. Defendant Smith is familiar with Ms. Ré's work and her mark SOCIAL SAVVY®. As of May 3, 2004, defendant Smith listed Ms. Ré's book as a "recommended title" on her website. Subsequently, defendant Smith removed the reference to Ms. Ré's book on her website.

30. B&N has also long been aware of Ms. Ré's book and the SOCIAL SAVVY® mark. B&N bookstores have sold Ms. Ré's book and, on at least two occasions, promoted it by hosting book signings by Ms. Ré.

31. Defendants use of the SOCIAL SAVVY® mark is a deliberate attempt to profit from Ms. Ré's work. Ms. Ré has never authorized defendants to use her mark SOCIAL SAVVY®. Rather, defendants are willfully and in bad faith attempting to exploit the goodwill and fame of the mark SOCIAL SAVVY®.

32. Defendants use of SOCIAL SAVVY® is intended to and does create a likelihood of confusion, deception and mistake with regard to whether Ms. Ré created, sponsored, approved, endorsed or is otherwise connected or affiliated with defendant Smith, her books or commercial activities. Such a likelihood of confusion also arises from the public's belief that defendant Smith would have needed permission or a license from Ms. Ré to use her mark SOCIAL SAVVY®.

33. Defendants use of the SOCIAL SAVVY® mark causes dilution of the distinctive quality of Ms. Ré's famous mark including, without limitation, among consumers in Massachusetts.

34. On May 7, 2004, Ms. Ré, through counsel, sent a letter to defendants asking them to cease and desist from the unlawful use of the mark SOCIAL SAVVY®. Among other things, Ms. Ré demanded that defendants stop distribution and sale of defendant Smith's books so long

as SOCIAL SAVVY® was in the title, and to account for all sales of her books to date. Ms. Ré also demanded that defendant Smith cease and desist from using the mark to promote, market or sell other social etiquette services including seminars, pamphlets or programs.

35. On May 12, 2004, B&N responded. B&N refused to stop its distribution and sale of defendant Smith's books with the infringing SOCIAL SAVVY title.

36. Defendant Smith did not respond to Ms. Ré's cease and desist letter.

### Count I
### Federal Mark Infringement In Violation Of The Lanham Act

37. Ms. Ré incorporates by reference the statements and allegations contained in paragraphs 1-36 of the Complaint as though fully set forth herein.

38. Defendants' use of the identical phrase as Ms. Ré's mark, SOCIAL SAVVY®, to sell competing social etiquette goods and services is likely to cause confusion, mistake and deception, including, without limitation, among consumers in Massachusetts and in interstate commerce, and thus infringes Ms. Ré's federally registered SOCIAL SAVVY® mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114(1).

39. As a result of the defendants' conduct, defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time and money that Ms. Ré has invested in establishing her reputation and goodwill.

40. As a direct and proximate result of defendants' wrongful conduct, Ms. Ré has suffered irreparable harm, injury and damages.

41. Injury to Ms. Ré is continuing and will continue unless defendants' actions are restrained by the Court. Unless defendants are enjoined from engaging in their wrongful

conduct, Ms. Ré will suffer further irreparable injury and harm, for which she has no adequate remedy at law.

## Count II

### Federal False Designation of Origin And Unfair Competition In Violation Of The Lanham Act

42. Ms. Ré incorporates by reference the statements and allegations contained in paragraphs 1-41 of the Complaint as though fully set forth herein.

43. Defendants' conduct, as described above, constitutes false designation of origin and unfair competition as a willful copying of Ms. Ré's mark. It is likely to cause confusion, including, without limitation, among consumers in Massachusetts and in interstate commerce, as to the affiliation, connection and association between defendants and their books, courses, advertising and media, on the one hand, and Ms. Ré and the mark SOCIAL SAVVY®, on the other hand, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' conduct, as described above, constitutes false designation of origin and unfair competition because it is likely to cause confusion, mistake or deception as to whether defendants' books, courses and advertising originate from or are sponsored, endorsed or approved by Ms. Ré, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. As a result of the defendants' conduct, defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time and money that Ms. Ré has invested in establishing her reputation and goodwill.

46. As a direct and proximate result of defendants' wrongful conduct, Ms. Ré has suffered irreparable harm, injury and damages.

47. Injury to Ms. Ré is continuing and will continue unless defendants' actions are restrained by the Court. Unless defendants are enjoined from engaging in their wrongful

conduct, Ms. Ré will suffer further irreparable injury and harm, for which she has no adequate remedy at law.

## Count III

### Common Law Unfair Competition

48. Ms. Ré incorporates by reference the statements and allegations contained in paragraphs 1-47 of the Complaint as though fully set forth herein.

49. With full knowledge of Ms. Ré's mark, defendants have authored, manufactured, sold and distributed social etiquette books and services bearing the mark SOCIAL SAVVY®, which directly compete with Ms. Ré's products and services.

50. The acts of defendants constitute unfair competition and infringement of Ms. Ré's common law rights in SOCIAL SAVVY®.

51. As a result of Ms. Ré's considerable investment of time and money, the mark SOCIAL SAVVY® has developed secondary and distinctive meaning to consumers and a meaning of quality associated with Ms. Ré.

52. Defendants' actions in using the SOCIAL SAVVY® mark have been willful and have been undertaken with the purpose of deceiving consumers.

53. As a result of the defendants' conduct, defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time and money that Ms. Ré has invested in establishing her reputation and goodwill.

54. As a result of the defendants' conduct, defendants have caused, and unless enjoined by this Court, will continue to cause consumer confusion as to the source, origin, sponsorship and/or affiliation of defendant's products and their relationship to plaintiff and plaintiff's products.

55.  As a direct and proximate result of defendants' wrongful conduct, Ms. Ré has suffered irreparable harm, injury and damages.

56.  Injury to Ms. Ré is continuing and will continue unless defendants' actions are restrained by the Court. Unless defendants are enjoined from engaging in their wrongful conduct, Ms. Ré will suffer further irreparable injury and harm, for which she has no adequate remedy at law.

## Count IV

### Trademark Dilution In Violation of Massachusetts G.L. c. 110B § 12

57.  Ms. Ré incorporates by reference the statements and allegations contained in paragraphs 1-56 of the Complaint as though fully set forth herein.

58.  Defendants' conduct, as described herein, constitutes dilution of the mark SOCIAL SAVVY®, in violation of § 12 of Massachusetts General Law c. 110B.

59.  Defendants' conduct, as described herein, is a willful attempt to dilute the distinctive quality of Ms. Ré's mark SOCIAL SAVVY® and to trade on the goodwill and reputation of the mark SOCIAL SAVVY®.

60.  As a direct and proximate result of defendants' wrongful conduct, Ms. Ré has suffered irreparable harm, injury and damages.

61.  Injury to Ms. Ré is continuing and will continue unless defendants' actions are restrained by the Court. Unless defendants are enjoined from engaging in their wrongful conduct, Ms. Ré will suffer further irreparable injury and harm, for which she has no adequate remedy at law.

## COUNT V

### Unfair Trade Practices in Violation of Massachusetts G.L. c. 93A

62. Ms. Ré incorporates by reference the statements and allegations contained in paragraphs 1-61 of the Complaint as though fully set forth herein.

63. Defendants' acts complained of herein were committed primarily and substantially in Massachusetts.

64. Defendants' conduct constitutes an unfair method of competition and an unfair and deceptive act or practice in the conduct of trade or commerce, all in violation of G.L. c. 93A, §§2, 11.

65. The aforementioned violations of G.L. c. 93A were willful and knowing.

**WHEREFORE**, Ms. Ré requests that this Court grant the following relief:

(1) A preliminary and permanent injunction enjoining defendants from using, copying, advertising, promoting, registering or displaying in any manner whatsoever in United States commerce the mark SOCIAL SAVVY® in the title or in connection with the promotion of any product or service related to social etiquette, manners, graces or related fields;

(2) An order directing that defendants recall all books titled <u>A Girl's Guide to Social Savvy</u> and <u>A Guy's Guide to Social Savvy</u> in the possession of wholesalers, retailers, distributors, commercial establishments and the like in the United States and not redistribute until the title is changed and the reference to SOCIAL SAVVY in the Introduction is deleted.

(3) An order directing that defendants destroy all products, book plates, labels, advertisements and materials and any other matter in their possession or custody or under their

control that use the mark SOCIAL SAVVY®, in the title or feature the mark SOCIAL SAVVY® in the promotion;

(4) An order directing that defendants file with the Court and serve upon counsel for Ms. Ré within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

(5) An order awarding to Ms. Ré actual damages and an accounting of defendants' profits, including all statutory enhancements and other enhancements as provided by 15 U.S.C. § 1117 and the laws of Massachusetts, as well as multiple damages under the laws of Massachusetts;

(6) An award of Ms. Ré's costs and expenses, including, without limitation, reasonable attorney's fees as provided by 15 U.S.C. § 1117 and the laws of Massachusetts;

(7) All other relief, in law or in equity, to which Ms. Ré may be entitled, or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Judith Ré demands a trial by jury on all issues so triable.

JUDITH RÉ

By her attorneys,

*/s/ Edward P. Leibensperger*

Edward P. Leibensperger (BBO #292620)
Daniel A. Curto (BBO # 639883)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: June 17, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Judith Re v. Judi R. Smith, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 840*, 850, 890, 892-894, 895, 950             or patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371
            380, 385, 450, 891

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660         04 11385 RGS
            690, 810, 861-865, 870, 871, 875, 900

   ___ V.   150, 152, 153

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                              YES         NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                              YES         NO X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                              YES         NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? (SEE LOCAL RULE 40.1(D)).
                                                                              YES X       NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION X       CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION         CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEYS NAME Edward P. Leibensperger, Esq.; Daniel A. Curto, Esq.
ADDRESS McDermott, Will & Emery LLP, 28 State Street, Boston, MA 02109
TELEPHONE NO. 617-535-4000

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ré, Judith

## DEFENDANTS
Smith, Jodi R.R., and
Barnes & Noble Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES).

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Essex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward P. Leibensperger, Esq.; Daniel A. Curto, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
(617)-535-4000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a civil action for claims arising under the trademark laws of the United States, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), as well as the statutes and common laws of the state of Massachusetts regarding trademark infringement, false designation of origin, trademark dilution, deceptive trade practices and unfair competition.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  ☐

**DEMAND $** Preliminary and permanent injunction, costs and expenses, equitable relief

CHECK YES only if demanded in complaint:
**JURY DEMAND**  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE June 17, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____