UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUDITH RÉ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11385-RGS |
| | ) | |
| JODI R.R. SMITH, AND | ) | |
| BARNES & NOBLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIM

Barnes & Noble, Inc. ("B&N") and Jodi R.R. Smith ("Smith"), collectively "Defendants", by their attorneys, Bryan Cave LLP and Sullivan & Worcester LLP, as and for their Answer and Counterclaim to the Complaint ("Complaint") of Judith Ré ("Plaintiff"), state as follows:

1. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admit that (a) a Federal registration for the mark SOCIAL SAVVY, U.S. Registration No. 1,669,778, is listed as owned by Judith Re-Morgan DBA Judith Re Academie on the U.S. Trademark Office trademark database and (b) a book entitled <u>Social Savvy: A Teenagers Guide to Feeling Confident In Any Situation</u> was published and is currently out-of-print.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that Smith authored and B&N published and is currently offering for sale the books titled <u>The Girl's Guide to Social Savvy: Manners for the Modern World</u> and <u>The Guy's</u>

<u>Guide to Social Savvy: Manners for the Modern World</u>; (the "Books"); Defendants deny that they are liable for any of the causes of action alleged by Plaintiff in the Complaint; Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint; except deny that Plaintiff "is the owner of the mark SOCIAL SAVVY."

4.  With respect to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that Defendant Smith is an individual residing in Marblehead, Massachusetts.

5.  With respect to the allegations contained in Paragraph 5 of the Complaint, Defendants admit that Defendant B&N is a corporation existing under the laws of Delaware, having a principal place of business at 122 Fifth Avenue, New York, NY 10022.

6.  With respect to the allegations contained in Paragraph 6 of the Complaint, the allegations constitute legal arguments to which no response is required; Defendants deny that they are liable for any of the causes of action alleged by Plaintiff in the Complaint.

7.  With respect to the allegations contained in Paragraph 7 of the Complaint, the allegations constitute legal arguments to which no response is required; Defendants deny that they are liable for any of the causes of action alleged by Plaintiff in the Complaint.

8.  Defendant B&N admits that it operates retail bookstores in the Commonwealth of Massachusetts, and that Defendant Smith resides in this District; Defendants deny the remaining allegations contained in Paragraph 8.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint; except deny Plaintiff's allegations with respect to the phrase "Social Savvy."

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except admit that a Federal registration for the mark SOCIAL SAVVY, U.S. Registration No. 1,669,778, is listed as owned by Judith Re-Morgan DBA Judith Re Academie on the U.S. Trademark Office trademark database.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint; except admit that the book <u>SOCIAL SAVVY: A Teenager's Guide to Feeling Confident In Any Situation</u> was published and is currently out-of-print.

14. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint; except admit that B&N began offering for sale the Books at Barnes & Noble bookstores and via the <bn.com> web site sometime in April, 2004.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. With respect to the allegations contained in Paragraph 23 of the Complaint, Defendants admit that B&N publishes the Books and distributes the Books to Barnes & Noble bookstores and via the <bn.com> web site.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint; except admit that the phrase "Social Savvy" is used in connection with the Books.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint; except Defendants admit that the phrase "Social Savvy: Manners for the Modern World" was used in connection with a book signing for the Books at the Lenox Hotel in Boston.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, the allegations constitute legal arguments to which no response is required; Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, the allegations constitute legal arguments to which no response is required; Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint; except admit that counsel for Plaintiff mailed a letter addressed to Defendants for which a response was mailed to counsel for Plaintiff on May 12, 2004.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint; except admit that a response to the May 7, 2004 letter was mailed to counsel for Plaintiff on May 12, 2004.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Defendants state:

### First Affirmative Defense

66. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

67. Plaintiff's claims are barred by the doctrines of laches and/or acquiescence.

### Third Affirmative Defense

68. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

69. Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### Fifth Affirmative Defense

70. Plaintiff lacks standing to maintain this action because, upon information and belief, Plaintiff is not the owner of the trademark and trademark registration.

### Sixth Affirmative Defense

71. Any trademark rights that Plaintiff may have obtained in SOCIAL SAVVY for publications has been abandoned due to non-use of the mark in commerce with intent not to resume commercial use for at least three (3) years prior to the filing of this Complaint.

### Seventh Affirmative Defense

72. The fair use doctrine prevents Plaintiff from claiming an exclusive use of the words "social savvy" in connection with the title of a book.

### Eighth Affirmative Defense

73. Plaintiff's claims are barred, in whole or in part, since there is no likelihood of confusion in the market place.

### Ninth Affirmative Defense

74. Defendants' actions are not likely to cause injury to Plaintiff's business, reputation or dilution of the distinctive quality, if any, of Plaintiff's goods and/or services.

### Tenth Affirmative Defense

75. Plaintiff has suffered no harm and/or irreparable harm.

### Eleventh Affirmative Defense

76. Plaintiff's mark is generic and therefore not protectable as a mark.

### Twelfth Affirmative Defense

77. Even if Plaintiff's mark was determined to be descriptive, it has acquired no secondary meaning among relevant consumers and therefore is not protectable.

Thirteenth Affirmative Defense

78. Plaintiff's Chapter 93A claim is barred because the acts complained of in the Complaint did not occur primarily and substantially within the Commonwealth of Massachusetts.

### COUNTERCLAIMS

Under the provisions of Rules 7 and 8, Fed.R.Civ.P., including Rule 8(e) permitting inconsistent claims or defenses, Defendants bring the following Counterclaims against Plaintiff.

### PARTIES

79. Defendant Barnes & Noble, Inc. is a publicly traded corporation organized under the laws of the State of Delaware, having its principle place of business at 122 Fifth Avenue, New York, NY 10022.

80. Defendant Smith is an individual residing in Marblehead, Massachusetts.

81. Upon information and belief, Plaintiff, Judith Ré, is an individual who resides at 147 Algonquin Road, Fairfield, CT 06825-1901.

## NATURE OF THE ACTION

82.     This is an action for cancellation of a U.S. Registration (15 U.S.C. § 1064) under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*).

## JURISDICTION AND VENUE

83.     The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et. seq.*

84.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff conducts business in this District for venue purposes.

## AS AND FOR A FIRST COUNTERCLAIM
(Cancellation of Plaintiff's Federal Registration)

85.     This is an action for cancellation of a Federally registered mark pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

86.     Plaintiff is the listed registrant for the mark SOCIAL SAVVY, U.S. Reg. No. 1,669,778, which registration issued October 1, 1991.

87.     Plaintiff does not have a protectable mark in the generic phrase "social savvy."

88.     The phrase "social savvy" is used extensively by numerous third parties, not as a source indicator, but rather as a commonly used phrase that refers to etiquette and social behavior. The phrase "social savvy" is generic and unprotectable as a matter of law.

89. Trademark law, including the fair use doctrine, makes clear that companies cannot co-opt such common generic words from the English language, thereby preventing others from using such words to accurately indicate their goods and services.

90. Defendants will be damaged by Plaintiff's registration on the Principal Register of the mark SOCIAL SAVVY, U.S. Reg. No. 1,669,778, unless such mark is cancelled and removed from the Principal Register pursuant to Section 45 (15 U.S.C. § 1127) of the Trademark Act.

91. Defendants and others will be damaged by Plaintiff's continuing registration of the phrase "SOCIAL SAVVY."

92. Plaintiff's registration should be cancelled by the Court.

WHEREFORE, Defendants pray:

(1) That the Complaint in its entirety be dismissed with prejudice;

(2) That an order be issued canceling U.S. Registration No. 1,669,778, Plaintiff's registration of the mark "SOCIAL SAVVY";

(3) That Defendants be awarded their costs and disbursements in this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper;

(4) That Plaintiff be compelled to pay Defendants' attorney's fees, together with all costs of this suit; and

(5) For such other and further relief as may be just and equitable.

|  |  |
|---|---|
|  | DEFENDANTS JODI R.R. SMITH and BARNES & NOBLE, INC, |
|  | By their attorneys, |
| Dated: July 8, 2004 | s/Richard S. Sanders |
|  | Richard S. Sanders (BBO# 562014)<br>Kimberly B. Herman (BBO# 629552)<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, MA  02109<br>(617) 338-2800<br>rsanders@sandw.com |

Of Counsel:
Erik W. Kahn
Todd J. Braverman
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104
(212) 541-2000