UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUDITH RÉ,<br><br>                Plaintiff,<br><br>     v.<br><br>JODI R.R. SMITH, and<br>BARNES & NOBLE INC.<br>                Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 04-11385-RGS<br>)<br>)<br>)<br>)<br>) |

## JUDITH RÉ'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Judith Ré ("Ms. Ré"), by her attorneys, hereby responds to the allegations of defendants' Counterclaim:

## PARTIES

79.    Admitted.

80.    Admitted.

81.    Admitted.

## NATURE OF THE ACTION

82.    Ms. Ré admits that the defendants purport to bring this claim as an action for cancellation of Ms. Ré's federally registered mark SOCIAL SAVVY®. Ms. Ré denies that the defendants' action has any merit in fact or law.

## JURISDICTION AND VENUE

83.    Admitted.

84.    Admitted.

- 2 -

## AS AND FOR A FIRST COUNTERCLAIM
(Cancellation of Plaintiff's Federal Registration)

85. Ms. Ré admits that the defendants purport to bring this claim as an action for cancellation of Ms. Ré's federally registered service mark SOCIAL SAVVY®. Ms. Ré denies that the defendants' action has any merit in fact or law.

86. Ms. Ré admits that she is the owner of the federally registered mark SOCIAL SAVVY®, U.S. Reg. No. 1,669,778, which was issued for publication on October 1, 1991. Ms. Ré further states that she has actively used this mark in trade and commerce and the mark has obtained secondary meaning and goodwill associated with Ms. Ré's business activities. In 2001, Ms. Ré renewed her mark and the United States Patent and Trademark Office classifies her mark as "live."

87. Ms. Ré denies the allegations contained in Paragraph 87 of the Counterclaim.

88. Ms. Ré denies the allegations contained in Paragraph 88 of the Counterclaim.

89. The allegations of Paragraph 89 constitute legal arguments to which no response is necessary. Ms. Ré specifically denies that her mark, SOCIAL SAVVY®, consists of "common generic words."

90. Ms. Ré denies the allegations contained in Paragraph 90.

91. Ms. Ré denies the allegations contained in Paragraph 91.

92. Ms. Ré denies the allegations contained in Paragraph 92.

## ADDITIONAL DEFENSES

### First Additional Defense

The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

BST99 1416430-1 071236.0011

### Second Additional Defense

The defendants claims are barred by the doctrine of unclean hands.

### Third Additional Defense

SOCIAL SAVVY® has achieved secondary meaning and goodwill and the public associates the mark with Ms. Ré's goods and services.

### Fourth Additional Defense

Ms. Ré has actively and appropriately used and promoted her mark, SOCIAL SAVVY®, in trade and commerce.

**WHEREFORE**, Ms. Ré, having responded to each and every allegation of defendants' Counterclaim prays that the Court:

1. Dismiss the defendants' Counterclaim;
2. Enter judgment in favor of Ms. Ré;
3. Assess the defendants with all of Ms. Ré's costs for defending this action; and
4. Grant Ms. Ré other further relief as this Court deems just, fit and proper.

JUDITH RÉ

By her attorneys,

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO #292620)
Daniel A. Curto (BBO # 639883)
Heather Egan-Sussman (BBO #648192)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: July 29, 2004