UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH RÉ, <br><br> Plaintiff, <br><br> v. <br><br> JODI R.R. SMITH, AND <br> BARNES & NOBLE, INC., <br><br> Defendants. | Civil Action No. 04-11385-RGS |

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the parties to this action believe that certain information which is or will be encompassed by discovery requests and disclosures made by an opposing party pursuant to the Federal Rules of Civil Procedure 26 may constitute proprietary, commercial or other confidential information;

THEREFORE, it is hereby stipulated, and the parties request the approval of the Court, as follows:

1.      This Stipulation and Protective Order shall govern the handling of all documents testimony and other information (collectively, "Material") produced, given, or filed by any party or any non-party during proceedings in the above-captioned action, and designated "Confidential" as set forth below.

2.      "Confidential Material" as used herein means trade secrets or other confidential research, development, or commercial information under Fed. R. Civ. P. 26 (c)(7). Any documents or information produced, given or filed by any party that the party believes falls within this definition of Confidential Material shall be marked as "Confidential".

3.      Confidential Material shall be used and disclosed only for the purposes of this litigation and for no other purpose, and subject to the following terms and conditions:

{B0330419; 1}

(a)  Confidential Material may be disclosed to (i) the parties and (ii) counsel for the parties and employees of their respective law firms.

(b)  Subject to the requirements of paragraph 3 (c), Confidential Material may be disclosed to any expert witnesses, other witnesses, and consultants retained in connection with the above-captioned action, only to the extent such disclosure is necessary for the preparation of filings, for proceedings, for discovery, for preparation of expert opinions and providing advice to counsel, and for trial testimony in this action.

(c)  Disclosure of Confidential Material to persons in paragraph 3 (b) may be made only if prior to such disclosure, counsel for the party desiring such disclosure shall obtain from the person to whom disclosure is to be made an executed Confidentiality Agreement, in the form annexed hereto as <u>Exhibit A</u>, stating that he or she has read this Stipulation (which must be attached to Exhibit A) and agrees to be bound by its provisions. Counsel for the party making disclosure shall maintain a copy of the Stipulation attached to the original executed Exhibit A for each person to whom disclosure is made. The foregoing document will not be discoverable.

4.  Any person, including the parties, receiving Confidential Material shall not disclose such information to any person who is not entitled to receive such information under paragraph 3. If Confidential Material is disclosed to any person not entitled to receive such information under paragraph 3, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it.

5.  Confidential Material shall be designated as follows:

2

(a)     In the case of documents, the "Confidential" designation shall be made prior to production by stamping or writing the word "CONFIDENTIAL" on each page of any such document.

(b)     Documents may be produced for inspection prior to their designation as "Confidential," but may then be designated as "Confidential" by the producing party by marking the documents as "Confidential" prior to the transmission of a physical copy of the document to the party requesting the document.

(c)     In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within ten days of receipt of the transcript of the deposition by counsel for the party or non-party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this agreement shall be made before ten (10) days after the party that produced the material disclosed during the deposition receives the transcript from the court reporter or counsel for any party. If the Confidential Material designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" on the cover and each page of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp the word "Confidential" on each page the party wishes to so designate. Counsel for the parties may modify this procedure for any particular deposition through agreement prior to or at such deposition, without further court order.

6.      If any party objects to the designation of any Material as "Confidential" ("Challenged Material") the party shall so state ("notice") the objection by letter, or by statement on the record in deposition, to the party that designated the Material as Confidential. Any such notice shall identify the Material to which the objection is directed. Counsel shall meet and confer in good

faith in an attempt to resolve any disputes concerning such designation. If the status of the Challenged Material cannot be resolved within seven (7) days after the time the notice is furnished, then the party asserting confidentiality must seek an order from the Court within 14 days of the notice. The burden of proving the need for the confidential designation shall remain with the party asserting confidentiality. The Challenged Materials will be treated as confidential pending the court's ruling on such a motion. If the party asserting confidentiality as to Challenged Materials does not seek a court order within 14 days of the notice then the materials are deemed not to be Confidential under this agreement.

7. The terms of this Stipulation, as to the documents or other Confidential Material disclosed by the parties in accordance herewith, shall survive any settlement, discontinuance, dismissal, judgment, award, or other disposition of this action.

8. Nothing herein shall prevent any party from seeking a modification of this Stipulation nor do the parties waive any right to seek relief from the Court from any provision of this Stipulation at any time.

9. If a party in possession of Confidential Materials receives a subpoena from a non-party to this Stipulation seeking production or other disclosure of any Confidential Material, he or she shall promptly give notice, by telephone or facsimile, and provide a copy of the subpoena or other compulsory process, to the party that produced the Material indicating the Confidential Material sought so as to afford that party a reasonable opportunity to seek a protective order. The party asserting the confidential treatment shall have the burden of defending against such subpoena on issues relating to its own interests in confidentiality of such information. The party receiving the subpoena shall be entitled to comply with it except to the extent that the party asserting the confidential treatment has obtained an order modifying or quashing it, or where the motion seeking it remains pending.

10. Nothing in this Stipulation shall prevent any party from disclosing its own information which it has designated "Confidential" and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Stipulation, except as provided by law.

11. Inadvertent production of any documents or information by a party during this action shall be without prejudice to any claims that such document or information is Confidential Material subject to the terms of this Stipulation. Any Confidential Material so produced shall, upon notice from the producing party, immediately be designated as Confidential Material and shall not be disseminated in any manner inconsistent with this Stipulation without the consent of the party that produced the Material or an order of the Court. The receiving party shall make all reasonable efforts to retrieve all copies, if any, of such misdesignated documents or information disclosed to persons other than those specified in paragraph 4.

12. Within 45 days after the final adjudication or settlement of all claims in this case, including appeals, counsel for the parties shall either return all Confidential Material to the party that produced them or shall destroy all such Material upon prior notice to the producing party. The producing party shall pay the reasonable costs of the return if it requests return rather than destruction of such Material. All copies of such Material shall also be destroyed, except that counsel of record may retain for their files copies of their own work product, correspondence, pleadings, briefs and exhibits, any other filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits that contain Confidential Material. Counsel shall continue to be subject to the terms of the Stipulation with regard to any such retained Material.

13. Nothing herein shall be deemed to restrict the right of any party to seek other or further protection against the disclosure of any Material.

14. No party concedes that any Material designated Confidential by any other person does in fact contain or reflect confidential, sensitive, or proprietary business, or personal information, or has been properly designated Confidential.

15. Counsel for any party is not obligated to challenge the propriety of any Confidential designation at the time of initial production or designation, as the case may be. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. The entry of this Stipulation does not waive any rights the parties may have to object on any grounds to the use of any Confidential Material as evidence at any trial or hearing in this litigation. Disclosure of any Confidential Material by any person or in any manner not permitted by this Stipulation will not result in a waiver of or otherwise limit the right of the parties to enforce its provisions.

The following hereby consent to the form and entry of this Stipulation:

| | |
|---|---|
| JUDITH RÉ | JODI R.R. SMITH<br>BARNES & NOBLE INC. |
| By her attorneys, | By their attorneys |
| *Daniel A. Curto* [by permission /s/] | /s/ |
| Edward P. Leibensperger (BBO #292620)<br>Daniel A. Curto (BBO #639883)<br>Heather Egan Sussman (BBO #648192)<br>MCDERMOTT WILL & EMERY LLP<br>28 State Street<br>Boston, MA 02109<br>(617) 535-4000 | Richard S. Sanders (BBO # 562014)<br>Jeffrey E. Francis (BBO# 639944)<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, MA 02109<br>617-338-2800 |
| | Erik W. Kahn<br>Kira P. Watson<br>BRYAN CAVE LLP<br>1290 Avenue of the Americas<br>New York, NY 10104<br>212-541-2000 |

SO ORDERED.

_____    _____
U.S.D.J.                                                              Date

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

 I hereby a test to my understanding that information will be provided to me under the terms of the foregoing STIPULATION GOVERNING CONFIDENTIAL MATERIAL ("Stipulation") in Rè v. Smith, et al. C.A. No. 04-11385-RGS, United States District Court, District of Massachusetts, that I have been given a copy of and have read the Stipulation in its entirety, that I understand its meaning and I agree to be bound by that Stipulation.

 I further agree that I shall not disclose to others such information or documents, except in accordance with the Stipulation. I understand that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding and that, in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions by the Court for such a breach. I agree to submit to the jurisdiction of the Court for the purposes of enforcement of this Agreement. Nothing in this Agreement shall be construed as precluding any court or judicial body from exercising jurisdiction over me for purposes of enforcing this Agreement.

Executed under the pains and penalties of perjury, this _____ day of _____, ____.

_____  _____
Signature                                          Name (Please print or type)

**Business Address:**                       **Residence Address:**

_____  _____
_____  _____
_____  _____

{B0330419;1}