UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH RÉ,<br><br>            Plaintiff,<br><br>v.<br><br>JODI R.R. SMITH, AND<br>BARNES & NOBLE, INC.,<br><br>            Defendants. | Civil Action No. 04-11385-RGS |

**AFFIDAVIT OF KIRA P. WATSON IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

I, Kira P. Watson, hereby depose and state:

1.      I am an attorney associated with the law firm of Bryan Cave LLP, attorneys for defendants Jodi R. R. Smith and Barnes & Noble, Inc. in the above-captioned matter.

2.      I submit this declaration in support of defendant Barnes & Noble, Inc.'s motion for a protective order. I make this affidavit based on my personal knowledge. I make this affidavit solely to authenticate documents produced or exchanged between counsel for the parties in this matter.

3.      Attached as Exhibit A is a true and correct copy of a Notice of Deposition of Barnes & Noble, Inc. dated August 30, 2004.

4.      Attached as Exhibit B is a true and correct copy of a Notice of Deposition of Barnes & Noble, Inc. dated September 29, 2004.

5.      Attached as Exhibit C is a true and correct copy of a letter from Daniel A. Curto to Kira P. Watson dated September 29, 2004.

Signed under the pains and penalty of perjury this __ day of October, 2004.

_____
KIRA P. WATSON

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party (by mail)/~~by hand~~.

Date: 10-15-04    _____

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH RÉ,<br><br>                  Plaintiff,<br><br>v.<br><br>JODI R.R. SMITH, and<br>BARNES & NOBLE INC.<br>                  Defendants. | Civil No.  04-11385-RGS |

## NOTICE OF DEPOSITION OF BARNES & NOBLE, INC.

TO:    Erik W. Kahn
         Todd J. Braverman
         BRYAN CAVE LLP
         1290 Avenue of the Americas
         New York, NY 10104

Please take notice that plaintiff Judith Ré, by her attorneys, will take the deposition of defendant Barnes & Noble, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) on Thursday, September 23, 2004 at 10:00 a.m. at the offices of McDermott, Will & Emery, 28 State Street, Boston, Massachusetts 02109, before a notary public or other officer authorized by law to administer oaths. The examination will continue from day to day until concluded. You are invited to attend and cross examine.

BST99 1422582-1.071236.0011

- 2 -

Barnes & Noble, Inc. shall designate one or more officers, directors or managing agents, or other persons to testify on its behalf with respect to the matters set forth on Schedule A, attached hereto.

JUDITH RÉ

By her attorneys,

*[signature]*

Edward P. Leibensperger (BBO #292620)
Daniel A. Curto (BBO # 639883)
Heather Egan Sussman (BBO # 648192)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: August 30, 2004

**CERTIFICATION OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 8/30/04

*[signature]*

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.  As used herein, the term "concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

B.  As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary in order to make the request inclusive rather than exclusive.

C.  As used herein, the terms "person" and "persons" include not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, organizations, businesses and other legal entities, divisions, departments or other units thereof.

D.  The past tense includes the present tense, and vice-versa.

E  As used herein, the term "including" means including, without limitation.

F.  As used herein, the term "communication" means the transmittal or receipt of information in any form whatsoever, including, without limitation, both written and oral forms.

G.  As used herein, the term "Defendants" means the named defendants Barnes & Noble, Inc., and Jodi R.R. Smith, as well as their officers, directors, employees, agents, attorneys, and representatives, and any successor, predecessor or related company, or any company from which any Defendant claims to have acquired rights.

H.  As used herein, the term "Plaintiff" means the Judith Ré, as well as any agents or representatives.

I.  As used herein, the term "Plaintiff's Mark" means any and all of Plaintiff's marks identified in Plaintiff's Complaint filed in this action, alone or in combination with any other term(s), logo(s), symbol(s), designation(s), name(s), mark(s) and/or design(s).

- 3 -

J.  As used herein, the term "published works" means any and all materials offered for public consumption or distribution whether published in print, video, audio or in electronic format.

## TOPICS

1. Jodi R.R. Smith and her published works

2. Barnes & Nobles, Inc.'s decision to publish Ms. Smith's works

3. The development and publication of Ms. Smith's published works

4. Development of the titles of Ms. Smith's published works

5. Actual or contemplated use of Plaintiff's Mark

6. Financial arrangements between Ms. Smith and Barnes & Noble, Inc.

7. Revenues, sales and expenditures of Barnes & Noble, Inc. relating to Ms. Smith's published works

8. The marketing, advertising, promotion, distribution and sale of Ms. Smith's published works.

9. Barnes & Noble, Inc.'s market analysis, research, review or investigation of Ms. Smith prior to any business arrangement with Ms. Smith

10. Barnes & Noble, Inc.'s market analysis, research, review or investigation of Plaintiff's Mark or Ms. Ré's business

11. Barnes & Noble, Inc.'s market analysis, research, review or investigation of the demand, competition or market for a book concerning etiquette

BST99 1422582-1.071236.0011

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH RÉ,<br><br>               Plaintiff,<br><br>v.<br><br>JODI R.R. SMITH, and<br>BARNES & NOBLE INC.<br>               Defendants. | Civil No. 04-11385-RGS |

## NOTICE OF DEPOSITION OF BARNES & NOBLE, INC.

TO:    Erik W. Kahn
         Todd J. Braverman
         BRYAN CAVE LLP
         1290 Avenue of the Americas
         New York, NY 10104

Please take notice that plaintiff Judith Ré, by her attorneys, will take the deposition of defendant Barnes & Noble, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6) on Tuesday, October 26, 2004 at 10:00 a.m. at the offices of McDermott, Will & Emery, 28 State Street, Boston, Massachusetts 02109, before a notary public or other officer authorized by law to administer oaths. The examination will continue from day to day until concluded. You are invited to attend and cross examine.

BST99 1422582-2.071236.0011

Barnes & Noble, Inc. shall designate one or more officers, directors or managing agents, or other persons to testify on its behalf with respect to the matters set forth on Schedule A, attached hereto.

JUDITH RÉ

By her attorneys,

_____
Edward P. Leibensperger (BBO #292620)
Daniel A. Curto (BBO # 639883)
Heather Egan Sussman (BBO # 648192)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Dated: September 29, 2004

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.  As used herein, the term "concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

B.  As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary in order to make the request inclusive rather than exclusive.

C.  As used herein, the terms "person" and "persons" include not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, organizations, businesses and other legal entities, divisions, departments or other units thereof.

D.  The past tense includes the present tense, and vice-versa.

E   As used herein, the term "including" means including, without limitation.

F.  As used herein, the term "communication" means the transmittal or receipt of information in any form whatsoever, including, without limitation, both written and oral forms.

G.  As used herein, the term "Defendants" means the named defendants Barnes & Noble, Inc., and Jodi R.R. Smith, as well as their officers, directors, employees, agents, attorneys, and representatives, and any successor, predecessor or related company, or any company from which any Defendant claims to have acquired rights.

H.  As used herein, the term "Plaintiff" means the Judith Ré, as well as any agents or representatives.

I.  As used herein, the term "Plaintiff's Mark" means any and all of Plaintiff's marks identified in Plaintiff's Complaint filed in this action, alone or in combination with any other term(s), logo(s), symbol(s), designation(s), name(s), mark(s) and/or design(s).

J.  As used herein, the term "published works" means any and all materials offered for public consumption or distribution whether published in print, video, audio or in electronic format.

## TOPICS

1. Jodi R.R. Smith and her published works

2. Barnes & Nobles, Inc.'s decision to publish Ms. Smith's works

3. The development and publication of Ms. Smith's published works

4. Development of the titles of Ms. Smith's published works

5. Actual or contemplated use of Plaintiff's Mark

6. Financial arrangements between Ms. Smith and Barnes & Noble, Inc.

7. Revenues, sales and expenditures of Barnes & Noble, Inc. relating to Ms. Smith's published works

8. The marketing, advertising, promotion, distribution and sale of Ms. Smith's published works.

9. Barnes & Noble, Inc.'s market analysis, research, review or investigation of Ms. Smith prior to any business arrangement with Ms. Smith

10. Barnes & Noble, Inc.'s market analysis, research, review or investigation of Plaintiff's Mark or Ms. Ré's business

11. Barnes & Noble, Inc.'s market analysis, research, review or investigation of the demand, competition or market for a book concerning etiquette

**EXHIBIT C**

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Daniel A. Curto
Attorney at Law
617.535.4036

September 29, 2004

VIA FACSIMILE AND U.S. MAIL

Kira P. Watson, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104

Re:   Judith Ré v. Jodi R. R. Smith and Barnes & Noble, Inc.
      Civil Action No. 04-11385-RGS

Dear Kira:

Enclosed is a revised Notice of Deposition for Jodi R.R. Smith, which sets her deposition for October 22, 2004. You have told me that Ms. Smith is available for the entire day of October 22.

As to our 30(b)(6) deposition of Barnes & Noble, we will not agree to your request to take the deposition in New York. Barnes & Noble is a national company with significant operations and personnel in Massachusetts. Significantly, Ms. Smith was in Massachusetts when Barnes & Noble contracted with her to publish the infringing book titles. Moreover, Barnes & Noble has asserted a counter-claim against Ms. Ré in the District of Massachusetts. Finally, the equities clearly favor Ms. Ré. Barnes & Noble is a large multi-national company with employees that frequently travel into Massachusetts. Accordingly, I am re-noticing Barnes & Noble's deposition for October 26, 2004 at my office. I remain amenable to working with you on a mutually agreeable date for this deposition in Boston.

In addition, I am also confirming that Judith Ré's deposition has been moved from October 28, 2004 to November 4, 2004. Please get back to me on our request to have Ms. Ré's deposition at my office. Assuming you agree to our request, I will agree to take Ms. Smith's deposition at Mr. Sander's office.

Sincerely yours,

Daniel A. Curto

DAC/jml
Enclosure
cc:   Edward P. Leibensperger, Esq.
      Richard Sanders (via fax)
      Erik Kahn (via fax)

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street  Boston, Massachusetts  02109-1775   Telephone: 617.535.4000   Facsimile: 617.535.3800   www.mwe.com