UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUDITH RÉ,<br><br>        Plaintiff,<br><br>v.<br><br>JODI R.R. SMITH, AND<br>BARNES & NOBLE, INC.,<br><br>        Defendants. | Civil Action No. 04-11385-RGS |

**DEFENDANTS' MOTION TO ENLARGE THE PAGE LIMITATION
FOR DEFENDANTS' MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 7.1 (B)(4), Defendants Barnes & Noble, Inc. and Jodi R. R. Smith (collectively, "<u>Defendants</u>"), by their undersigned counsel, hereby respectfully request to enlarge the page limitation on Defendants' memorandum in support of their Fed. R. Civ. P. Rule 56 motion for summary judgment from twenty pages to thirty pages. In support of their motion, Defendants state as follows:

    1. On June 17, 2004, Plaintiff Judith Ré ("<u>Plaintiff</u>") filed her Complaint against Defendants. The fourteen page Complaint asserts five claims: Count I for "Federal Mark Infringement in Violation of the Lanham Act"; Count II for "Federal False Designation of Origin in Violation of the Lanham Act"; Count III for "Common Law Unfair Competition"; Count IV for "Trademark Dilution in Violation of Massachusetts G.L. c. 110B § 12"; and Count V for "Unfair Trade Practices in Violation of Massachusetts G.L. c. 93A".

    2. Defendants intend to move for summary judgment on all five counts of the Complaint. However, Defendants will not be able to adequately and comprehensively complete their discussion of the relevant law and the relevant undisputed facts within the twenty pages permitted by Local Rule 7.1 (B)(4).

3. For example, Defendants' argument regarding their request for summary judgment on the first two counts of the Complaint require Defendants to analyze these counts under the relevant federal trademark law in light of the undisputed facts. In order to do this, Defendants must first discuss whether the purported mark is protectable. This discussion requires Defendants to address whether the mark is generic and, if it is not, whether it is descriptive without any secondary meaning. Presuming that the mark is protectable, which it is not, Defendants must then discuss whether there is a likelihood of confusion. This discussion requires an analysis of the eight (8) different factors which have been delineated by the relevant First Circuit precedent. In addition to the likelihood of confusion analysis, Defendants must then discuss whether Defendants can assert a fair use defense to Plaintiff's allegations of infringement.

4. Even after completing the above-described analysis of Plaintiff's two Federal Trademark infringement claims, Defendants then must address the remaining three state law claims. Defendants are unable to complete their discussion of all five counts of Plaintiff's Complaint and the undisputed facts which underlie Defendants' motion for summary judgment within twenty pages. Therefore, Defendants respectfully request that the Court grant Defendants an enlargement of the Local Rule 7.1 (B)(4) page limitation for supporting memoranda from twenty pages to thirty pages.

WHEREFORE, Defendants respectfully request that the Court enter an order enlarging the page limitation on Defendants' Memorandum in support of their Fed. R. Civ. P. Rule 56 motion for summary judgment from twenty pages to thirty pages and granting such further and additional relief as the Court deems just and proper.

Dated: November 18, 2004

    DEFENDANTS JODI R. R. SMITH and BARNES & NOBLE, INC.

    By their attorneys,

    /s/ Jeffrey E. Francis
    Richard S. Sanders (BBO # 562014)
    Jeffery Francis (BBO# 639944)
    SULLIVAN & WORCESTER LLP
    One Post Office Square
    Boston, Massachusetts  02109
    (617) 338-2800
    (617) 338-2880 facsimile
    *jfrancis@sandw.com*

    Erik W. Kahn
    Daniel P. Waxman
    Kira P. Watson
    BRYAN CAVE LLP
    1290 Avenue of the Americas
    New York, New York  10104
    (212) 541-2000
    (212) 541-4630 facsimile

## **LOCAL RULE 7.1 CERTIFICATION**

On November 18, 2004, counsel for Defendants attempted to confer by telephone with counsel for Plaintiff concerning the relief requested in this motion. At that time, Counsel for Defendants left a voicemail for Counsel for Plaintiff requesting that Plaintiff assent to the relief requested in this motion. Counsel for Plaintiff did not respond to this voicemail.

/s/ Jeffrey E. Francis
Jeffery Francis (BBO# 639944)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800
(617) 338-2880 facsimile
*jfrancis@sandw.com*