UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH RÉ, <br><br> Plaintiff, <br><br> v. <br><br> JODI R.R. SMITH, AND <br> BARNES & NOBLE, INC., <br><br> Defendants. | Civil Action No. 04-11385-RGS |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Rule 56.1, Defendants Barnes & Noble, Inc. ("B&N") and Jodi R. R. Smith ("Smith,") (collectively, "Defendants") hereby submit this Statement of Material Facts as to Which There is No Genuine Dispute in support of their Motion for Summary Judgment.

1. Plaintiff conducts her business out of her home and has no office. Transcript of the deposition of Judith Ré ("Ré Dep.") at 19.[1]

2. The name of Plaintiff's business is The Judith Ré Academie -- not Social Savvy. Ré Dep. at 45.

3. Plaintiff does not spend any money on advertising in connection with her business. Ré Dep. at 35.

4. Plaintiff has never hired a public relations firm to promote her business or the mark "social savvy." Ré Dep. at 34.

5. Plaintiff has never had a website. Ré Dep. at 35.

---

[1] The deposition transcripts referenced in this Statement of Material Facts are authenticated by and attached to the Affidavit of Erik W. Kahn ("Kahn Aff.") submitted herewith.

{B0349548; 1}

6. The annual gross earnings as reported on her federal tax return were $4,655.00 in 2003. Schedule C of Plaintiff's 2003 federal tax return, annexed to the Kahn Aff. as Ex. G.

7. The annual gross earnings as reported on her federal tax return were $9,300 in 2002. Schedule C of Plaintiff's 2002 federal tax return, annexed to the Kahn Aff. as Ex. G.

8. The annual gross earnings as reported on her federal tax return were $9,200 in 2001. Schedule C of Plaintiff's 2001 federal tax return, annexed to the Kahn Aff. as Ex. G.

9. Plaintiff has one paid employee whom she pays approximately $100 per engagement. Plaintiff sometimes pays for her daughter's services. Ré Dep. at 19-20.

10. The annual gross expenses, including payment to employees, as reported on her federal tax return were $3,070 in 2003. Schedule C of Plaintiff's 2003 federal tax return, annexed to the Kahn Aff. as Ex. G.

11. The annual gross expenses, including payment to employees, as reported on her federal tax return were $3,301 in 2002. Schedule C of Plaintiff's 2002 federal tax return, annexed to the Kahn Aff. as Ex. G.

12. The annual gross expenses, including payment to employees, as reported on her federal tax return were $3,251 in 2001. Schedule C of Plaintiff's 2001 federal tax return, annexed to the Kahn Aff. as Ex. G.

13. Plaintiff earned a total of $35,000 in connection with her book. Ré Dep. at 63.

14. Plaintiff earned no royalties other than her advance payment of $35,000 because the book sales did not exceed or "earn out" the advance. Ré Dep. at 63.

15. Plaintiff's federal trademark registration for "Social Savvy" is for "training programs and educational classes in teaching young people the social graces" only. Kahn Aff., Ex. F.

16. Plaintiff's federal trademark registration does not identify "books" in its identification of goods and services. Id.

17. Plaintiff began using the phrase "social savvy" in 1986. Ré Dep. at 130.

18. Plaintiff believes that she alone adopted and coined the phrase "social savvy." Ré Dep. at 80, 128-132.

19. The phrase "social savvy" was used by others in connection with etiquette and social graces before Plaintiff began to use it. Affirmation of Todd Braverman ("Braverman Aff.") at pp. 7-8 and Ex. 4.

20. Non-parties have used the phrase "social savvy" as titles of books, such as Social Savvy for the 90's and Social Savvy - Help Your Child Fit in with Others. Braverman Aff. at p.14 and Ex. 6; Ré Dep. 128-132.

21. Various non-parties have used the phrase "social savvy" in seminar titles, such as, "Social Savvy Camp for Kids", "Social Savvy for Singles" and "Social Savvy for Kids." Braverman Aff. at pp. 9-13 and Ex. 5.

22. Plaintiff believes that "social savvy" is completely different from social graces, manners or etiquette. Ré Dep. at 83-84.

23. The phrase "social savvy" is frequently used by third parties as a synonym for some aspect of etiquette, social graces or similar behavior by non-parties within the text of

books, newspapers, magazines and websites unrelated to Plaintiff's business, seminars or book. Braverman Aff. at pp. 14-38 and Exs. 6-8.

24. Plaintiff has frequently used the phrase "social savvy" to describe some element or aspect of etiquette, social graces or similar behavior, rather than to describe her business, seminar or book. Braverman Aff. at pp. 3-6 and Exs. 2 and 3.

25. Plaintiff has not performed any consumer surveys to determine whether the mark "social savvy" has achieved secondary meaning. Ré Dep. at 125.

26. Plaintiff has not performed any consumer surveys to determine if there is any likelihood of confusion between Defendants' use of the phrase "social savvy" and Plaintiff's business. Ré Dep. at 112.

27. The only evidence of actual confusion between Defendants' books and Plaintiff's book to which Plaintiff cites is (i) Plaintiff's assistant's mother purportedly confusing Smith with Plaintiff when hearing Smith talk about her books on the radio; and (ii) information desk employees at Barnes & Noble stores after being asked by Plaintiff, her daughter and her mother if the store had any "Social Savvy" books, responding that there were three book titles containing the words "Social Savvy." Ré Dep. at 102-106.

28. Plaintiff is not aware of anyone confusing Plaintiff and her business with Smith and her business. Ré Dep. at 124-25.

29. The cover of Plaintiff's book in hardcover after the words "Social Savvy" contains the words "A Teenager's Guide to Feeling Confident in Any Situation." Kahn Aff., Ex. H.

30. The cover of Plaintiff's book in softcover after the words "Social Savvy" contains the words "A Handbook for Teens Who Want to Know What to Say, What to Do, and How to Feel Confident in Any Situation." Kahn Aff., Ex. I

31. The titles of Defendants' books are <u>The Girl's Guide to Social Savvy</u> and <u>The Guy's Guide to Social Savvy</u>. Kahn Aff., Ex. J.

32. The names Judith Ré and Meg Schneider appear on the cover of both the hardcover and softcover versions of Plaintiff's book. Kahn Aff., Exs. H and I.

33. The name Jodi R. R. Smith appears on the covers of Defendants' books. Kahn Aff., Ex. J.

34. The phrase "social savvy" on the hardcover version of Plaintiff's book is written in all blue capital letters. The word "social" is larger than "savvy," which, in turn, is larger than the remaining words on the cover. Kahn Aff., Ex. H.

35. The phrase "social savvy" appears in initial caps on the front cover of Defendants' books and the words are written in gold in a script-like font and the letters are approximately the same size as the rest of the title. Kahn Aff., Ex. J.

36. The words on the hardcover version and softcover versions of Plaintiff's book appear on a white background and yellow background, respectively. Kahn Aff., Exs. H and I.

37. The book cover is red for <u>The Girl's Guide to Social Savvy</u> and blue for <u>The Guy's Guide to Social Savvy</u>. Kahn Aff., Ex. J.

38. The target audience for Defendants' books are adults in their 20s and 30s in order to apply the books' lessons to themselves. Transcript of the deposition of Hallie Einhorn ("Einhorn Dep.") at 85.

39.     The target audience for Plaintiff's book are children and parents to teach their children. Ré Dep. at 49.

40.     Plaintiff's book is currently out of print. Ré Dep. at 64.

41.     Plaintiff has no specific agreement in place or date on which she expects to republish the book. Ré Dep. at 65.

42.     B&N, and not Smith, conceived the titles The Girl's Guide to Social Savvy and The Guy's Guide to Social Savvy. Einhorn Dep. at 41-42, 77; Transcript of the deposition of Jodi R. R. Smith at 60.

43.     At the time B&N's editor conceived the titles The Girl's Guide to Social Savvy and The Guy's Guide to Social Savvy, B&N was unaware of Plaintiff's book. Einhorn Dep. at 67.

44.     At the time B&N first published The Girl's Guide to Social Savvy and The Guy's Guide to Social Savvy, it was unaware of Plaintiff's trademark registration for "Social Savvy." Einhorn Dep. at 69, 189.

45.     Plaintiff uses the phrase "social savvy" in different manners in connection with the letterhead and seminar materials associated with her business. For example, one use of "social savvy" by Plaintiff is a schedule titled "A Day of Social Savvy with Judith Re at the Ritz-Carlton, Boston." Kahn Aff., Ex. K. Another example is an invoice on letterhead titled "JRA, The Judith Re Academie Instruction in Business Etiquette and Social Savvy.®" Kahn Aff., Ex. L. Still another has the same letterhead without the words "Social Savvy" in the title but rather within the body of the invoice. Kahn Aff., Ex. M.

46. Plaintiff does not conduct formal activities to police the use of "social savvy" by third parties and was unaware of third party usage other than the use by Defendants prior to the commencement of this action. Ré Dep. at 43-44, 94-95.

47. Plaintiff is unaware of any effect on the sale of her books as a result of Defendants' books. Ré Dep. at 109, 154.

48. Plaintiff believes that her trademark registration for "training programs and educational classes in teaching young people the social graces" prevents anyone in any business from using and profiting from the phrase "social savvy." Ré Dep. at 91-94.

Dated: November 24, 2004

DEFENDANTS JODI R. R. SMITH and
BARNES & NOBLE, INC.

By their attorneys,

Richard S. Sanders (BBO # 562014)
Jeffery Francis (BBO# 639944)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 facsimile

Erik W. Kahn
Daniel P. Waxman
Kira P. Watson
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
(212) 541-4630 facsimile

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail (by hand)

Date: 11-24-04

{B0349548; 1}

7