UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 12/13/04
By
Deputy Clerk

|  |  |
|---|---|
| JUDITH RÉ,                    )<br>                    Plaintiff,    )<br>                                       )<br>v.                                    )<br>                                       )<br>JODI R.R. SMITH, and      )<br>BARNES & NOBLE INC.    )<br>                    Defendants. )<br>                                       ) | Civil No. 04-11385-RGS |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the local rules of the United States District Court for the District of Massachusetts, the plaintiff, Judith Ré, submits this response to Defendants' Statement of Undisputed Material Facts ("Defendants' Statement"). The numbered paragraphs of this response correspond with the paragraphs in Defendants Statement.

1. Disputed. Ms. Ré's office is in her home. Deposition of Judith Ré Morgan ("Ré Depo.") p. 19.

2. Disputed. Ms. Ré's corporate name is The Judith Ré Academie, but she conducts all of her business under her SOCIAL SAVVY brand name. Ré Depo. pp. 12 and 45.

3. Disputed. Ms. Ré does not regularly spend any money on advertising her SOCIAL SAVVY brand etiquette instruction. Ré Depo. p. 35. Her clients, however, often spend money on advertising her SOCIAL SAVVY programs. See Ré Depo. p.35; Affidavit of Caron LeBrun ("LeBrun Aff.") ¶4; Affidavit of Anita Cotter ("Cotter Aff.") ¶ 2.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Disputed. Ms. Ré does not have any employees. Ré Depo. p. 156. She pays an assistant to help her when she teaches her "Day of Social Savvy" program at the Ritz Carlton in Boston. Ré Depo. pp. 19-20; 156.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Disputed. Simon & Schuster paid Ms. Ré a $35,000 advance for her book. Ré Depo. p. 63. Simon & Schuster widely distributed Ms. Ré's SOCIAL SAVVY book for 13 years. Ré Depo. pp. 58-60. As a result, she received significant national media exposure and recognition in the etiquette field. Id. This exposure significantly enhanced Ms. Ré's goodwill and reputation in the etiquette instruction industry. Id.; see also Affidavit of Judith Ré ("Ré Aff.") ¶ 5.

14. Undisputed.

15. Ms. Ré does not dispute that she has a registered trademark for SOCIAL SAVVY that describes her services and goods as "training programs and educational classes in teaching young people the social graces." She disputes any implication, however, that such registration would not cover an etiquette instruction book that used her mark.

16. Disputed. Etiquette instruction books related to instruction in the social graces are encompassed by Ms. Ré's mark.

17. Ms. Ré does not dispute that in 1986 she began using the phrase SOCIAL SAVVY to brand her etiquette instruction services. Ré Depo. p. 42.

18. Disputed. Ms. Ré branded the phrase SOCIAL SAVVY to describe her etiquette instruction services. Ré Depo. p. 42.

19. Disputed. Ms. Ré admits that the defendants have submitted a number of purported examples of general usage of the phrase social savvy but dispute the alleged uses refer to instruction in

BST99 1438011-1.071995.0011

etiquette or social graces. Many of the examples are unrelated to etiquette and none of the purported examples use "Social Savvy" to describe etiquette instruction.

20. Disputed. Ms. Ré does not dispute that defendants have submitted website printouts of alleged books that use the phrase social savvy. The book Social Savvy – Help Your Child Fit In With Others is a book published in Australia that has nothing to do with etiquette instruction, but rather is about how parents can raise socially well-adjusted children. The other book, Social Savvy for the 90's is apparently a self-published book that is not widely distributed. Ms. Ré has never seen a copy of this book and has no idea of its purpose, subject or content. Ré Aff. ¶ 6.

21. Disputed. Ms. Ré does not dispute that defendants have submitted website printouts of alleged general usage of the phrase social savvy. Most of these examples do not appear to use the phrase social savvy to describe etiquette instruction. Ms. Ré has no other information on these alleged seminars.

22. Ms. Ré admits her brand of SOCIAL SAVVY etiquette instruction is not simply a synonym for social graces, manners or etiquette. Ré Depo. pp. 83-94.

23. Disputed. Ms. Ré does not dispute that defendants have submitted a compilation of website printouts and other similar materials. The printouts, many of which are selectively truncated, provides no context for third party use of the phrase Social Savvy. Moreover, many of these submissions have absolutely nothing to do with etiquette or social graces.

24. Disputed. Ms. Ré uses "Social Savvy" to describe her brand of etiquette instruction. The examples set forth by defendants simply set forth Ms. Ré's characterization of what makes her Social Savvy brand etiquette instruction unique. Ré Depo. pp. 83-84.

25. Ms. Ré does not dispute that she has not conducted consumer surveys to determine whether her SOCIAL SAVVY mark has achieved secondary meaning.

26. Ms. Ré does not dispute that she has not performed any consumer surveys to determine whether there is likelihood of confusion between defendants' use of "Social Savvy" and her business.

27. Disputed. In addition, to the described instances of confusion, Kimberly Farrell also attests that she visited a B&N store on November 12, 2004 where the B&N sales clerks referred her Defendants' Social Savvy guides when she asked for a book by a person who used the book title Social Savvy. Affidavit of Kim Farrell ("Farrell Aff.") ¶ 3. Furthermore, when Ms. Farrell asked the B&N employee if there could be any other book by another author. Id. The clerk told her there were no other books. Id.

28. Disputed. Ms. Ré testified that on three separate occasions at three different B&N bookstores, clerks at those stores recommended Ms. Smith's book when asked for a SOCIAL SAVVY book. Ré Depo. pp.102-105. In addition, Kimberly Farrell also attests she visited a B&N store on November 12, 2004 where the B&N sales clerks referred her Defendants' Social Savvy guides when she asked for a book by a person who used the book title Social Savvy. Farrell Aff. ¶ 3. Furthermore, when Ms. Farrell asked the B&N employee if there could be any other book by another author. Id. The clerk told her there were no other books. Id.

29. Ms. Ré does not dispute that the hardcover version of her book contains the words "A Teenager's Guide to Feeling Confident in any Situation."

30. Ms. Ré does not dispute that the softcover version of her book contains the words "A Handbook For Teens Who Want To Know What to Say, What To Do, And How To Feel Confident In Any Situation."

31. Undisputed.

32. Undisputed

33. Ms. Re does not dispute that the name Jodi R.R. Smith appears in very small print at the bottom of the defendants' book covers.

34. Undisputed.

35. Disputed. The words "Social Savvy" on the cover of the book titled Guy's Guide to Social Savvy are written in a silver font. Curto Aff., Ex. I. Moreover, the words "Social Savvy" on both books are in a different font than the rest of the words on the book cover. Id.

36. Undisputed.

37. Undisputed.

38. Disputed. Ms. Smith testified that the target audience for the defendants' books are anyone ages 18 and up. Deposition of Jodi R. R. Smith ("Smith Depo.") pp. 79-80. Moreover, the title of one of the defendants' books says that it is aimed at "Girls."

39. Disputed. The book was targeted initially for the general population, but the marketing department decided to use the title "teenager" in the sub-title. Ré Depo. p. 52.

40. Ms. Ré does not dispute that Simon and Schuster, after 13 years of printing SOCIAL SAVVY, decided not to run another print of the book. The book, however, is still sold, and Barnes and Noble ("B&N") has sold copies of it since the litigation commenced. Curto Aff. Exhs. D-E.

41. Disputed. Ms. Ré testified that all rights to publish her SOCIAL SAVVY book recently reverted back to her from Simon & Schuster and that she plans to republish her book in the next twelve to fifteen months. Ré Depo. p. 65.

42. Ms. Ré admits that B&N chose the titles for defendants' books.

43. Disputed. B&N was clearly aware of Ms. Ré's book prior to conceiving of the titles of defendants' books. First, B&N sold and actively promoted Ms. Ré's SOCIAL SAVVY book with advertised book signings when it was first published by Simon & Schuster. Ré Depo. pp. 58-60, 63-64. In addition, before B&N's editor Hallie Einhorn titled defendants' books, she reviewed a list of B&N's 25 top-selling etiquette books. Deposition of Hallie Einhorn ("Einhorn Dep.") at pp. 49-50. On that list was Ms. Ré's SOCIAL SAVVY book. Id.; see also Curto Aff. Ex. G.

44. Disputed. See Response to ¶ 43. In addition, 4 months before B&N published the defendants' books, Ms. Smith had alerted B&N that Ms. Ré used the term "Social Savvy" in the title of

her book. Curto Aff. Exh. H. Ms. Smith also was aware of Ms. Ré 's "Day of Social Savvy" programs at the Boston Ritz-Carlton for at lest 4-6 months before publication. Smith Depo. pp. 49-50. Finally, Ms. Einhorn admits that she perused a copy of Ms. Ré's SOCIAL SAVVY book prior to publishing defendants' books. Einhorn Depo. pp. 67-68.

45. Disputed. Ms. Ré conducts all of her business under the SOCIAL SAVVY brand name. Ré Depo. p. 12. The examples defendants submit simply show that Ms. Ré brands her services under the SOCIAL SAVVY name.

46. Disputed. Ms. Ré 's testimony was only that she does not regularly conduct internet or other searches to see of someone is using the phrase "SOCIAL SAVVY." Ré Depo. 94.

47. Disputed. Ms. Ré cannot qualify, and thus does not know, the effect that defendants' books have had on the sales of her own SOCIAL SAVVY book. Ré Depo. 109.

48. Disputed. Ms. Ré believes her trademark protects against a business making unauthorized use of her SOCIAL SAVVY mark for unjust profits. Ré Depo. pp. 92-93.

JUDITH RÉ,

By her attorneys,

_____
Edward P. Leibensperger (BBO #292620)
Daniel A. Curto (BBO #639883)
Heather Egan Sussman (BBO #648192)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
(617) 535-4177

Dated: December 13, 2004